**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ERIN BOOKER, | ) | |
| | ) | **Civil Action File No.:** |
| Plaintiff, | ) | |
| | ) | ____________________ |
| v. | ) | |
| | ) | ***Removed from*** |
| THE KROGER CO. AND JOHN DOE, | ) | State Court of DeKalb County |
| | ) | Civil Action No. 25A03767 |
| Defendants. | ) | |

**DEFENDANT THE KROGER CO.'S PETITION FOR REMOVAL**

Pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant The Kroger Co. ("Kroger") and hereby petitions for removal of this action, entitled *Erin Booker v. The Kroger Co.*, Civil Action File No. 25A03767, currently pending in the State Court of DeKalb County, Georgia, to this Court, and shows this Honorable Court the following:

1.

This civil action was filed by Plaintiff Erin Booker ("Plaintiff") in the State Court of DeKalb County, Georgia on May 23, 2025, said county being part of the geographical area comprising the Northern District of Georgia, Atlanta Division. L.R. 3.1(A), N.D. Ga.; L.R. App. A, I. The Atlanta Division of this Court is the proper Division for this removal as further set forth below.

2.

The action is a civil action for personal bodily injuries and medical expenses, and the United States District Court for the Northern District of Georgia has subject matter jurisdiction by reason of the diversity of citizenship of the parties pursuant to 28 U.S.C. §§ 1441 and 1332.

3.

The amount in controversy exceeds $75,000.00, the statutory minimum amount, exclusive of interest and costs, as evidenced by the *Plaintiff's Supplemental Responses to Defendant's First Discovery Requests* and *Plaintiff's Responses to The Kroger Co.'s Third Interrogatories to Plaintiff* (see Exhibits "A" and "B" hereto) in which Plaintiff seeks to recover damages in this case in an amount greater than or equal to $75,000.

4.

(a) At the time of the commencement of this action in the State Court of DeKalb County, upon information and belief, and according to, Plaintiff, Erin Booker, was and is now, a citizen of Georgia. (*See* Exhibit "C" hereto – DeKalb County Police Department incident report dated May 30, 2024, listing Plaintiff's current home address in Atlanta, Georgia 30318).

(b) At the time the action was commenced and at present, Kroger was and still is a corporation, incorporated and existing under and by virtue of the laws of Ohio having its principal place of business in Ohio, and a citizen of Ohio.

5.

The existence of unidentified "John Doe" and any other type of fictitious defendant does not defeat diversity for removal purposes. 28 U.S.C. § 1441(b)(1); *Smith v. Comcast Corp.*, 786 Fed. Appx. 935, 939 (11th Cir. 2019) ("Even if 'the fictitious defendants were likely' not diverse, their citizenship must be disregarded for purposes of diversity jurisdiction.' And for a removed case, 'diversity jurisdiction is determined at the time of removal.' ") (citations omitted).

6.

The complete diversity requirement in 28 U.S.C. § 1332(a) and (c) has been satisfied because both non-fictitious parties are "citizens of different states[.]"

7.

A true and correct copy of all process, pleadings, and orders served upon Kroger in this action are attached hereto as Exhibit "D."

8.

Plaintiff alleges in her Complaint that she was sexually battered by John Doe when he made physical contact with Plaintiff's intimate parts without consent in or

around May 2023, on April 27, 2024, and on May 30, 2024, while she was employed at the Kroger Store located at 1160 Moreland Ave SE, Atlanta, GA 30316. [Complaint, ¶¶ 3-8]

9.

This civil action is based on a controversy between citizens of different States and, as outlined above, the amount in controversy exceeds $75,000.00. As such, this matter has become ripe for removal based on federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

10.

After initially refusing to provide Kroger with information regarding the total amount of alleged special damages for which she is seeking to recover in this lawsuit, Plaintiff supplemented portions of her responses to Kroger's interrogatories on January 8, 2026 to assert that she had incurred "medical records and bills in the amount of $22,572.99" and that she was "also seeking $50,460 in lost wages" based on a calculation of Plaintiff making $14.50 per hour for 40 hours per week – asserting alternatively that the timeframe for this calculation was either 73 or 87 weeks. (Ex. A, ¶ 17).[1] Kroger assumes Plaintiff's reference to 73 weeks

---

[1] To preserve the record and avoid waiver of any defenses, Kroger notes that Plaintiff's calculation of alleged lost wages claim is demonstrably false in that her existing wage records, which Kroger produced to her in advance of her service of

was in error, as that total does not reach her alleged subtotal of $50,460. Adding this to Plaintiff's alleged medical billing, the amount in controversy in January 2026 would have been $73,032.99.

11.

On March 19, 2026, Plaintiff responded to Kroger's Third Interrogatories to assert that she was seeking to recover a variety of different measures of attorney fees, which is a separate amount of damages from Plaintiff's alleged medical expenses and lost wages. (Ex. B, ¶ 1). Among other assertions, Plaintiff stated that she is represented by her attorney "pursuant to a written contingency fee agreement providing for a fee of forty percent (40%) of any gross recovery[.]" (*Id.*). Adding this percentage to her special damages claim estimated above, Plaintiff provided confirmation that her claims exceed the amount in controversy requirement of 28 U.S.C. § 1332 by totaling $102,246.19.

12.

Kroger prudently awaited confirmation from Plaintiff of the precise amount in controversy so that it could make reasonable deductions to ensure removal to this Court was timely and otherwise met all applicable procedural requirements. *See*, *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (When

---

Exhibit A, demonstrate that Plaintiff did not work 40 hours/week. However, for removal purposes, Kroger accepts Plaintiff's incorrect wage estimate. CITE?

calculating the amount in controversy, "Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations.") (citation and internal punctuation omitted); *Leonard v. Enterprise Rent-a-Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.") (citation omitted).

13.

The instant *Petition for Removal* is timely filed pursuant to and in accordance with 28 U.S.C. § 1446(b)(3) within thirty days after the disclosure given by Plaintiff in the form of *Plaintiff's Responses to Defendant The Kroger Co.'s Third Interrogatories to Plaintiff*, the service of which allowed Kroger to confirm that Plaintiff's claims meet the amount in controversy requirements for diversity jurisdiction.

14.

Furthermore, the instant *Petition for Removal* is timely filed, pursuant to and in accordance with 28 U.S.C. § 1446(c)(1), within one year of the commencement of the action.

15.

Accordingly, this action, over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, is removable to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1441.

16.

Venue is proper in the Atlanta Division of the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1441, 28 U.S.C. § 1391, and N.D.G.A. Local Rule 3.1(B)(1)(a). Specifically, Plaintiff's Complaint was filed in the State Court of DeKalb County, which is part of the Atlanta Division. *See* N.D.G.A. Local Rule 3.1(A), LR App. A, I.

17.

As required by 28 U.S.C. § 1446(d), Defendant shall give written notice hereof to all adverse parties and shall file a copy of this *Petition for Removal* with the Clerk of the State Court of DeKalb County.

WHEREFORE, Defendant, The Kroger Co., request that this action proceed in this Court as an action properly removed to it.

Respectfully submitted this 13th day of April, 2026.

**GRAY, RUST, MOFFETT**
**& BRIESKE, L.L.P.**
950 East Paces Ferry Road, NE
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Telephone: (404) 870-7439
Facsimile: (404) 870-7374
Email: nbedford@grmb.com
rdelcampo@grmb.com

***/s/ Nicholas D. Bedford***
Nicholas D. Bedford
Georgia State Bar No.: 940659
M. Ryan Del Campo
Georgia State Bar No.: 384618
*Attorneys for Defendant The Kroger Co.*

**CERTIFICATE OF SERVICE AND COMPLIANCE WITH L.R. 5.1**

This is to certify that on this date, the undersigned filed the foregoing with the Clerk of Court using the CM/ECF system and served all parties of record via electronic service through the CM/ECF system to:

**Christopher L. Johnson, Esq.**
**PEACH FIRM, LLC**
**730 Peachtree Street NE, Suite 570**
**Atlanta, GA 30308**
**CLJ@PeachFirm.com**
**Counsel for Plaintiff**

Further, this is to certify that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1. It is prepared in Times New Roman 14-point font.

Dated this 13th day of April, 2026.

**GRAY, RUST, MOFFETT & BRIESKE, L.L.P.**
950 East Paces Ferry Road, NE
Suite 1700 – Salesforce Tower Atlanta
Atlanta, Georgia 30326
Telephone: (404) 870-7439
Facsimile: (404) 870-7374
Email: nbedford@grmb.com
rdelcampo@grmb.com

*/s/ Nicholas D. Bedford*
Nicholas D. Bedford
Georgia State Bar No.: 940659
M. Ryan Del Campo
Georgia State Bar No.: 384618
*Attorneys for Defendant The Kroger Co.*