**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ERIN BOOKER,<br>Plaintiff,<br>v.<br>THE KROGER CO.,<br>Defendant. | Civil Action No.<br>1:26-cv-02006-SDG |

**OPINION AND ORDER OF SANCTIONS**

This matter is before the Court on its previous Order to Show Cause [ECF 53] directed to counsel for Plaintiff to explain why he should not be sanctioned for using fake or hallucinated case authorities, as well as misrepresenting the content of real case authorities, in his filings with the Court. Because Plaintiff's counsel, as an officer of the Court, deliberately lied to this Court about his artificial intelligence (AI) use and because Plaintiff's counsel's response to the Order to Show Cause [ECF 58] lacks credibility, is evasive, and seeks to divert accountability from his own misconduct, sanctions are warranted.

Counsel for Defendant was the first to raise concerns about Plaintiff's counsel's reliance on AI tools in a manner that violated his duties and responsibilities to the Court under Rule 11 of the Federal Rules of Civil Procedure.[1] After the Court reviewed Plaintiff's filings and shared in those concerns,

1 *See, e.g.*, ECF 8, Resp. to Pl.'s Mot. to Add Party, at 19–21, n.13; ECF 9, Resp. to Pl.'s Mot. to Remand, at 6–8, n.6.

undersigned asked Plaintiff's counsel to respond to the allegation during a hearing before the Court. The following exchange ensued:

> THE COURT: But I have a question for you, Mr. Johnson. Do you have a response to the allegations that some of those cases you cited are nonexistent or incorrectly cited the cases —
>
> MR. JOHNSON: I don't have —
>
> THE COURT: Hold on. Let me finish my question . . . cited to the propositions that you represented it stood for?
>
> MR. JOHNSON: I do not have a response to that, Your Honor, today.
>
> THE COURT: You do not have a response?
>
> MR. JOHNSON: I don't have it in front me to cross-reference what defense counsel's talking about.
>
> THE COURT: Did you use any artificial intelligence tools to prepare your briefs?
>
> MR. JOHNSON: Not that I know of, Your Honor.
>
> THE COURT: Not that you know of?
>
> MR. JOHNSON: Yes, Your Honor.
>
> THE COURT: It seems like something that you would know.
>
> MR. JOHNSON: Yes, Your Honor.
>
> THE COURT: So did you or did you not?
>
> MR. JOHNSON: I did not, Your Honor.
>
> THE COURT: You're representing to the Court that you did not use AI tools?

> MR. JOHNSON: Yes, Your Honor. ***I did not use artificial intelligence***.[2]

In his response to the Order to Show Cause, Plaintiff's counsel now acknowledges that he "consulted" AI tools in drafting filings he submitted to the Court. While purporting to accept responsibility for his actions, Plaintiff's counsel in the same breath simultaneously deflects it by referring to the drafting as occurring by "this office."[3] Then, in an entirely disingenuous attempt to explain why he lied to the Court during the hearing, Plaintiff's counsel states that "he did not understand which cases the Court was asking about."[4] To make matters worse for himself, counsel for Plaintiff expends half of his response to the Show Cause order advocating for sanctions against Defendant's counsel for an entirely unrelated discovery matter that the Court has already addressed.

The Court finds that counsel for Plaintiff, repeatedly, has lied to the Court. Plaintiff's counsel, as an officer of the Court, lied to this Court when he misrepresented legal propositions based upon non-existent citations. He lied to this Court when undersigned asked him whether he used any AI tools to prepare his briefs ("I did not use artificial intelligence"). And now, he has lied to this Court

---

2 ECF 48, at 3–4 (emphasis supplied).

3 ECF 58, at 2.

4 *Id.*

by feigning a lack of understanding of the Court's very straightforward questions about his AI use.

Undersigned's Standing Order, entered on the docket of this case, addresses AI use as follows:

> Many courts and individual judges around the country have entered specific rules or procedures concerning the use of artificial intelligence tools. My rule is simple: You can use whatever AI tools you like, but only human beings will be held responsible for the outcome. So, if a pleading or paper that is filed in a case contains factual or legal errors, the party and lawyers who filed it will be held responsible. This includes each and every lawyer listed on the signature block of the filing. Govern yourself accordingly, as they say.[5]

The Court's Order to Show Cause highlighted four purported cases cited by Plaintiff's counsel that represented the most egregious examples of fake, false, and misleading case authorities. Counsel for Plaintiff is ordered to pay a fine of $1,000 for each of these fake, false, and misleading case authorities. In addition, this fine will be doubled as a result of Plaintiff's counsel's lies to this Court. Accordingly, Plaintiff's counsel's total fine for his repeated Rule 11 violations is **$8,000**, payable to the registry of the Court.[6] Plaintiff's counsel's fine is due within 30 days of this Order.

---

5 ECF 5, at 30–31.

6 The Court recognizes that Defendant's counsel has requested its attorneys' fees as a sanction for Plaintiff's counsel's conduct in this regard since, as noted

As an additional sanction, the Court considered whether to order Plaintiff's counsel to attend CLE or training courses concerning his ethical obligations, both generally as well as specifically in relation to AI use. But in responding to the Order to Show Cause, counsel for Plaintiff represented to this Court that he has already done so: "Counsel has enrolled in and completed targeted ethics and technology CLE training, including 'ChatGPT, Alexa, and Siri Are Out to Get You!'"[7] Therefore, in lieu of ordering additional training, counsel for Plaintiff is **ORDERED** to file with the Court, within 7 days of this Order, documentation verifying all "ethics and technology CLE training" courses that he has "enrolled in and completed" between June 26 (the date of the Court's hearing) and August 11 (the date of Plaintiff counsel's Show Cause response), including but not limited to the specific course identified in his response. The Court will determine whether any additional sanctions are warranted after receiving Plaintiff's counsel's response.

---

previously, it was Defendant's counsel who first raised this issue. However, the Court has determined that it would be difficult and cumbersome to equitably parse the specific attorneys' fees expended by Defendant that are exclusively attributable to Plaintiff's counsel's fabricated case citations as opposed to responding to Plaintiff's motions generally. The use of a court fine rather than a fee award is also in line with other sanction orders from this district and this circuit relating to the misuse of AI, which have recognized that a court fine serves not only as a deterrent, but also as a partial remedy for the taxpayer resources expended by the Court in addressing the misconduct.

[7] ECF 58, at 2.

**Conclusion**

The Court concludes that counsel for Plaintiff has repeatedly violated Rule 11, as described herein. As a sanction, counsel for Plaintiff is **ORDERED** to pay **$8,000** to the Court registry's general sanctions fund, which the Clerk's office shall process as a sanctions payment. Plaintiff's counsel shall include in the memo field of his check a reference to the docket number of this case and the document number of this Order. Plaintiff's counsel shall make this payment within 30 days of this Order. The Clerk of Court is **DIRECTED** to enter a notation on the docket of this case after the payment has been received.

Counsel for Plaintiff is further **ORDERED**, within 7 days of this Order, to file on the docket of this case a Notice that attaches all documentation verifying CLE training courses taken, as described above.

The Clerk is further **DIRECTED** to submit this Order to undersigned after 7 days.

**SO ORDERED** this 28th day of August, 2026.

Steven D. Grimberg
United States District Judge